UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WAYNE ANTHONY DRUMMOND, A38-577-407,

Petitioner,

-v-

CHARLES MULE, Director, Immigration and
Custom Enforcement,

Respondent.

05-CV-0734F

MEMORANDUM and ORDER

---

Petitioner Wayne Anthony Drummond, who is currently detained at the Buffalo Federal Detention Facility, pursuant to a final order of removal, has filed a petition pursuant to 28 U.S.C. § 2241, challenging said final order of removal of the Board of Immigration Appeals ("BIA"), dated August 1, 2005. (Docket No. 1).[1] Petitioner also seeks permission to proceed in forma pauperis (Docket No. 2) and a stay of removal (Docket No. 3). For the following reasons, petitioner's application to proceed in forma pauperis is granted and the petition is dismissed for want of jurisdiction because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested this Court of jurisdiction over petitions for habeas corpus relief challenging final orders of removal.[2] Petitioner must therefore

---

[1] A copy of the BIA's determination dismissing petitioner's appeal from the Immigration Judge's order finding petitioner removable as charged and ineligible for relief from removal is attached to the petition.

[2] On July 14, 2005, the Acting United States Attorney for the Western District of New York submitted a letter to the Court advocating that the Court, pursuant to the Real ID Act, § 106(a)(1)(B)(5), must dismiss all petitions for habeas corpus relief, pursuant to 28 U.S.C. § 2241, filed on or after May 11, 2005, that challenge a final order of removal and that the plain language of the Real ID Act does not authorize the Court

re-file this petition with the Second Circuit Court of Appeals immediately. **Because this Court lacks jurisdiction over the instant petition, it has no jurisdiction to review petitioner's request for a stay and any further requests for a stay should be made to the Court of Appeals for the Second Circuit.**

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[3] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5). The REAL ID Act also provides that the "district court shall transfer . . . to the court of appeals any case "challenging a final administrative order of removal that is "*pending* in a district court" on the date the Act became effective--May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

---

to transfer said petitions to the court of appeals.

[3]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

The instant petition was filed in this Court on October 14, 2005 and seeks review of an order of removal entered on August 1, 2005. Petitioner does not challenge his continued detention and only seeks review of the final order of removal.

The Court finds that since petitioner challenges an order of removal within in the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has no jurisdiction to review the merits of the petition or to stay the order of removal. Since the petition was not "pending" on May 11, 2005, this Court does not have the authority to transfer this case to the court of appeals. *Flores-Diaz v. U.S.*, No. 2:05-CV-710 TS, 2005 WL 2456983 (D.Utah, Oct 05, 2005); *Munoz v. Gonzalez*, No. 05 Civ. 6056 (SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y. July 11, 2005); *Griffith v. Dept. of Homeland Security*, 2005 WL 2338866 *1 (September 3, 2005 W.D.N.Y.).

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of appeals.[4] REAL ID Act, § 106(a)(1)(B). In this matter the Second Circuit Court of Appeals is the appropriate court of appeals because, it appears from the petition and the BIA's Order, that the immigration proceedings were completed in

---

[4] INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed **not later than 30 days** after the date of the final order of removal." (Emphasis added).

Batavia, New York, which is located within the Second Circuit. INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2).

If petitioner intends to appeal from this Order, he must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* is granted, the petition is dismissed without prejudice to it being re-filed in the Second Circuit Court of Appeals and the request for a stay of removal is denied without prejudice to it being re-filed in the Second Circuit Court of Appeals.

**FURTHER**, that leave to appeal as a poor person is denied.

**FURTHER**, that to inform respondent of the filing and dismissal of the petition the Clerk of the Court shall serve the petition and this Order upon the following:

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

4

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

SO ORDERED.

DATED: Buffalo, New York
November 2, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE